IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JOHN H. MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>MILLARD C. FARMER, JR.,<br>ALFRED L. KING, JR., LARRY<br>KING, P.C., DEBORAH L.<br>BEACHAM, and MY ADVOCATE<br>CENTER, INC.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NUMBER 3:15-cv-00092-TCB |

## **O R D E R**

This case comes before the Court on Plaintiff John H. Murhpy's motion for entry of default against Defendant My Advocate Center, Inc. [78] and the motion for an extension of time filed by Defendant Deborah L. Beacham [82].

On May 11, 2016, counsel for Beacham and My Advocate Center filed a certificate of consent to withdraw as counsel. On May 16, the Court issued an order approving her withdrawal and requiring My

Advocate Center to obtain new counsel and have them enter an appearance on or before June 6. My Advocate Center did not comply with the Court's order. Therefore, on June 15 Murphy filed a motion for entry of default against My Advocate Center.

On June 23, Beacham filed a motion asking the Court to grant My Advocate Center an extension of time to obtain new counsel and respond to Murphy's motion. Murphy filed a response indicating that he would not oppose a specific, fixed extension of time for My Advocate Center to retain counsel due to legitimate reasons and asked the Court to grant an extension until July 18 for an attorney to appear on behalf of My Advocate Center.

After considering the parties' filings, on July 12 the Court granted an extension of time until July 26 for My Advocate Center to obtain counsel, have counsel enter an appearance in this case, and respond to Murphy's motion for entry of default against it. The Court provided that no further extensions would be granted and warned that if My Advocate Center failed to comply with the Court's order, the Court would enter default against it.

On July 26, Beacham filed her *pro se* motion, asking the Court to grant more time for counsel to make an appearance in this case on behalf of My Advocate Center.[1] In her motion, she indicated that attorney Gary Bunch had agreed to represent My Advocate Center and had asked Beacham to call and ask for a 15-day extension to allow him time to return from a vacation and file his entry of appearance and the required response. Beacham also recounts various hardships that she has faced, which she believes are due to this case. On August 2, Murphy filed a response opposing Beacham's motion.

Later that day, attorney Shannon Briley entered a notice of appearance on behalf of Beacham.[2] The next day, Ms. Briley entered a notice of appearance on behalf of My Advocate Center and filed a response in opposition to Murphy's motion for default. The response asks the Court to deny Murphy's motion for default because even if the

---

[1] Beacham also contacted the Court and Plaintiff's counsel a few days before this to request additional time.

[2] There is no indication in the record as to why Mr. Bunch did not enter an appearance; this does not impact the Court's analysis.

3

Court entered default, there would be "good cause" to set it aside. *See* FED. R. CIV. P. 55(c).

The Court has considered the parties' filings. The Court will deny Beacham's *pro se* motion for an extension of time because, as the Court has previously explained, she is not authorized to make filings on behalf of My Advocate Center. Nevertheless, the Court in its discretion will also deny Murphy's motion for default.

Ms. Briley entered an appearance on behalf of My Advocate Center and responded to the motion for default within approximately a week of the Court-imposed deadline. Murphy has not shown that he has been prejudiced in any significant way by this delay. Notwithstanding its prior order, the Court believes it would be unjust to enter default against My Advocate Center under these circumstances.

As a separate matter, the Court notes that on August 16, My Advocate Center filed a second answer to the amended complaint. But My Advocate Center had already filed an answer on April 25. Unless My Advocate Center can show cause as to why it should be allowed to file the August 16 answer, the Court will strike it from the record.

Accordingly, the Court denies Beacham's *pro se* motion for an extension of time [82] and denies Murphy's motion for entry of default against My Advocate Center [78]. Within fourteen days of the date of this Order, My Advocate Center is ordered to show cause as to why its August 16 answer should not be stricken from the record.

IT IS SO ORDERED this 25th day of August, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge