IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JOHN H. MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>MILLARD C. FARMER, JR.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NUMBER 3:15-cv-92-TCB |

## COURT'S INSTRUCTIONS TO THE JURY
## AS TO PUNITIVE DAMAGES

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

In order to award punitive damages, you must find that Mr. Murphy has proven that Mr. Farmer's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. Mr. Murphy must prove that Mr. Farmer is liable for

punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

To meet this standard, Mr. Murphy must prove to a reasonable certainty by clear and convincing evidence that he is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

If Mr. Murphy fails to prove, by clear and convincing evidence, that Mr. Farmer was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Punitive damages, when authorized, are awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.

If you decide to impose punitive damages, you should further specify whether you find that Mr. Farmer acted with specific intent to cause harm. A party possesses specific intent to cause harm when he desires to cause the consequences of his act or believes that the

consequences are substantially certain to result from it. Intent may be shown by direct or circumstantial evidence.

Intent is ordinarily ascertained from acts and conduct. You may not presume that Mr. Farmer acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced. The jury may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

You may presume a person of sound mind and discretion intends the natural and probable consequences of his act. The evidence may or may not rebut this presumption.

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of punitive damages should not be interpreted in any way as an indication that I believe that you should, or should not, award punitive damages.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Again, your only interest is to seek the truth from the evidence in the case.

A third verdict form has been prepared for your convenience.

IT IS SO ORDERED this 26th day of January, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge